fore the register by counsel. The certificate speaks of the "counsel for witness." This is an anomaly. It can only lead to confusion and delay. It is only parties, the bankrupt or a creditor, who are entitled to be represented by counsel, either before a register or the court, unless where a witness is made a party to a new and collateral proceeding, by being cited to answer for an alleged contempt.

3. The register was correct in his decision, that the witness was properly under examination.

4. The register certifies that the witness, without standing on the objection, submitted himself to examination. Section 7 of the act provides, that, if any person examined before a register refuses or declines to answer, the judge shall have power to order such person to pay the costs thereby occasioned, if such person be compellable by law to answer, and such person shall also be liable to be punished for contempt. The objection made by the witness in this case was so entirely frivolous, that, if he had not submitted to an examination, the case would have been a clear one for the imposition of costs and for punishment for contempt. The objection made was, that there is no authority to examine a witness in any matter under the bankruptcy act, unless there be a question in controversy to be settled by testimony, and not until after the examination of the bankrupt himself. The twenty-sixth section of the act, under which section the witness in this case was summoned, requires him to submit to an examination on oath upon all matters relating to the disposal or condition of the bankrupt's property, to his trade and dealings with others, and his accounts concerning the same, to all debts due to or claimed from him, and to all other matters concerning his property and estate and the due settlement thereof according to law. In addition to this, the court can compel the giving of testimony by witnesses, in the taking of evidence, under section 38 of the act. The objection made by the witness was wholly without foundation, and the fact, that he himself was unwilling to stand upon it, showed that he regarded it as untenable.

5. Although the objection was made, yet, by submitting to an examination, which the register states was concluded, the witness waived the objection, and after that there was no point or matter, within the meaning of section 6 of the act, to be certified by the register, and he ought on that ground to have refused to certify the question.

## Case No. 5,076.

### In re FREDERICK.

## Case No. 5,077.

### FREDERICK et al. v. The FANNY.

[Bee, 262.] [1]

District Court, D. South Carolina. 1808.

BEE, District Judge. The question in this case is, whether all the seamen shall be liable, proportionally, to make good the value of certain articles making part of the cargo, and missing. It was proved that William Harriott, one of the seamen, had been detected with part of the stolen goods, and that he alone was liable, no proof appearing against the others. It was admitted that all would have been chargeable, if none, in particular, could have been criminated. One hundred pieces of nankeen were missing, of which only three were found upon Harriott. The rest of the crew must necessarily have been privy to, or concerned in the loss of the remainder. I decree, therefore, that they all contribute, pro rata, to make up this loss.

## Case No. 5,078.

### The FREDERICK M. WILSON.
### The GENERAL SHERIDAN.
### The YORK RIVER.

[7 Ben. 367.] [2]

District Court, E. D. New York. June, 1874.

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]