Mason, J.
The execution in this case having been returned unsatisfied, Samuel F. Halsey, one of the defendants, was brought np under the two hundred and ninety-second section of the Code, to answer concerning his property. To the question, “ Are yon a housekeeper ? ” the defendant answered, “ My wife has a lease of the place on which I reside, and owns the furniture, and I reside with her, she having a separate estate.”
The plaintiff’s counsel objected to the last part of the answer, because not responsive to the question, and because, in stating that his wife has a separate estate, he undertakes to give in evidence a fact which can be proved by written evidence alone.
It is undoubtedly true that a debtor, on such an examination, *590 is not allowed to make evidence for himself by stating matters not called for by the question put to him; but he is allowed to state, in his answer, to such facts as are necessary to enable the court to understand the true position of the thing or matter inquired of. A debtor cannot always give a categorical answer to a question skilfully put, upon a knowledge of the facts, and possibly with a view to involve him in difficulty. Thus, in the present instance, if the defendant should have answered “ yes ” to the question, his answer unexplained would seem to imply that the establishment in which he lived belonged to himself. If he had said “ no,” his answer might have been contradicted by those who judge only by external appearances; and he might seem to have violated the truth. It was, _ therefore, proper for him to give in his answer the facts, which he has done, so as to bring out what he conceived to be the exact state of the case. The answer, however, thus given, cannot be considered as conclusive, or evenprvmd, facie proof, either that his wife owns the furniture, or that she has a separate estate, or as in any way precluding the plaintiff from making farther inquiries into the subject. It is only to be considered explanatory of his position in the house,—apparently the head, and yet having and exercising no ownership or control. The plaintiff is still at liberty, if he thinks proper, to apply for a receiver, and to have the ownership of the wife, and the fact of her separate estate, examined into, in a proceeding instituted for that purpose; and he is also at liberty to examine the defendant further as to the particulars relative to this alleged separate property, so far as to ascertain whether or not the defendant has any interest in it. In this point of view I consider the next question, to wit, “ Did you purchase any of the' furniture in the house in which you reside ? ” to have been proper. It was not, as the defendant’s counsel contended, an inquiry into the purchase of property which might have been bought a long time ago, and may have been parted with; but the inquiry was limited to property then in the house in which the defendant resided with his wife, and of which he has apparently the possession.
The object of the examination is, to ascertain whether the debtor has any property subject to or exempt from execution, *591 which ought to he applied to the plaintiff’s claim. He is required to appear and' answer “ concerning his property,” that is, the property belonging to him at the time of the examination, or bound by the judgment; and every question tending to throw light on that subject is pertinent. It is not sufficient that the defendant answer generally that he has no property: the plaintiff may prosecute his inquiries, notwithstanding such , an answer. If the defendant is in possession of any property, the plaintiff may ask, when and where and how he obtained the possession, and on what terms he now holds it. If the defendant is not in the possession of any property, he may be asked whether he had any, or was interested in any, a short time previous to the judgment, and what has become of it; and if he answer that he has sold it absolutely, he may be asked what was the consideration of the sale, and what has become of the proceeds, so as to ascertain whether any portion of them is in his hands, or due to him. But if it appear that he has not in his possession, or under his control, any portion of such proceeds, the inquiry respecting such property or its proceeds can go no further. There is in such case nothing for the creditor to receive. If the answers to the questions throw any doubts as to the bona Jodes of the sale, the examination may be thorough on that point; as a fraudulent transfer of property may not afford any protection against a creditor. (Green v. Hicks, 1 Barb. Chan. R. 316, 317.)
It is impossible to lay down any particular rules on this subject, which shall be universally applicable, farther than this, that the whole examination must have, for its single object, to ascertain whether there. is any property of the debtor which ought to be applied to the payment of the plaintiff’s claim; and the extent of the inquiry, in each particular case, must be left to the good sense of the officer under whose direction it takes place, having in view this general .object.
An important alteration was made in this 292d section, in the last amendment of the Code: it is, that in an examination under it either party may examine witnesses in his behalf, and the judgment debtor may be examined in the same manner as a witness. He may, therefore, be examined in his own behalf on the subject matter of the direct examination, his examination *592 and cross-examination being bable to be rebutted, as provided in §§ 393 and 395.
The witness, therefore, must answer whether he purchased any of the furniture of the house in which he now resides; and he will have ample opportunity in his cross-examination, if not before, to explain all the particulars in relation to it.
And, in the future conduct of the examination, the counsel on both sides will be governed by the rules herein above laid down.