## Case No. 7,562.

### In re JUDSON.

[2 Ben. 210; [1] 1 N. B. R. 364 (Quarto, 82); 35 How. Pr. 15; 1 Am. Law T. Rep. Bankr. 120.]

District Court, S. D. New York. March 15, 1868.

BANKRUPT'S EXAMINATION—CONSULTATION WITH COUNSEL.

A bankrupt under examination as a witness, has no absolute right to consult with his counsel respecting the answer to be made to a question propounded to him, and to put in, as such answer, an answer prepared by such counsel, as the result of such consultation; but he may advise with his counsel concerning his answers when the register can see cause therefor.

By JOHN FITCH, Register:

[2] [In an examination of the above named bankrupt [Curtis Judson], upon the application of Thomas Hope, a creditor, under section 26 of the bankrupt act [of 1867 (14 Stat. 529)], general orders rule 10, this question has arisen, and the same is certified to his honor, Judge Blatchford, with the facts. The counsel for the creditor propounds a question to the bankrupt under examination, and requires a direct answer. The counsel for the bankrupt claims the right to counsel with, and to prepare and answer for the bankrupt before he answers the question. To this the counsel for the creditor objects, and claims that the bankrupt is a witness, and must be examined as a witness, subject to the same rules and privileges as other witnesses. This brings up the question: Can a bankrupt during his examination consult counsel, and have his advice as to the answer to be given, or have the answer framed for him by his counsel, or can he, while on the stand as a witness, advise with, or consult his counsel as to his answer? In the state courts in this state, in examination under supplementary proceedings, a practice has grown up of allowing the person so examined to have counsel. The case of Leroy v. Halsey. 1 Duer, 589, also reported in 1 Code R. (N. S.) 275, is cited as an authority for such practice, but the decision in that case

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 1 N. B. R. 364 (Quarto, 82).]

does not authorize any such practice. By the act of congress, July 16, 1862 [12 Stat. 588], it is the practice of the United States district courts to follow the rules of the respective state courts in regard to all questions of evidence, and the examination of witnesses. Since the act of July 16, 1862, parties to the action or proceedings are also witnesses. The examination of a party to an action or proceeding is a recent innovation upon the common law. In this state, in the year 1818, an act was passed authorizing the examination of a plaintiff as a witness in certain cases; again, in the year 1820, making plaintiffs competent as witnesses in certain cases. In 1835 an act was passed whereby in suits on bills of exchange and promissory notes the plaintiff was entitled to the testimony of any defendant as a witness. A defendant was also entitled to the testimony of any co-defendant as a witness. In 1850, the act relating to the loss of baggage in railroads was passed, whereby the plaintiff in an action for the loss of baggage could be a witness and prove the loss of the articles, &c. The passage of the act of 1847, authorizing the examination as a witness of the parties to the action, sections 1, 2, and 3, were as follows: "An act to authorize parties in civil suits, at their election, to obtain the testimony of the adverse party." Passed 1847, c. 462, p. 630.

["Section 1. Any party in any civil suit or proceeding, either in law or equity had before any court or officer, may require any adverse party, whether complainant, plaintiff, petitioner, or defendant, or any one of said adverse party, any and every person who is beneficially interested in said suit or proceedings, though not nominally a party, to give testimony under oath in such suit or proceeding; and such adverse party may be examined orally, or under a commission, in the same manner as persons not parties to such suit or proceeding, and who are competent witnesses therein, and such parties may be subpoenaed, and his attendance as a witness compelled, or he may be examined by a commission, or conditionally, or his testimony perpetuated in the same manner as any competent witness.

["Sec. 2. The court or officer before whom such suit or proceeding may be had, shall have power to dismiss the bill, petition, or proceeding of any party, or any part thereof, with costs, or nonsuit any party, or strike out, or disregard any defence, or any part thereof, of any party who shall refuse to testify.

["Sec. 3. Any party in any suit or proceeding as aforesaid, shall be required, to entitle him to examine the adverse party as a witness in any such suit or proceeding, to summon such adverse party to attend the trial or hearing in such suit or proceeding, to give testimony therein in the same manner as the attendance of witness in ordinary cases."

[The act of congress July 16, 1862, provides "that the laws of the state in which the court shall be held, shall be the rules of —— as to the competency of witnesses in the court of the United States." The wife, of a party to the action, although a party to the suit, could not be compelled to testify as a witness by the defendant, by the state law. 5 Barb. 156.. But by the act of May 10, 1866, she now can be, and under the bankrupt act she can be subpoenaed as a witness, and unless she testifies as per section 26 of the bankrupt act, the husband cannot be discharged. In 1849, the Code of Procedure was enacted. By section 292, a judgment debtor could be examined in the same manner as any other witness by that act; the examination of a party was the same as the examination of a witness; same by all the previous statutes. By a careful perusal of section 26 of the bankrupt law, the act of this state, 1847, sections 1, 2, 3, and of section 292 of the Code, it is fair to infer that section 26 of the bankrupt law, as well as general orders in bankruptcy, rule 10, were founded upon the act of New York, 1847, and the Code, § 292; consequently the same rules as to the taking of the testimony of parties to an action or proceeding, should govern the examination of witnesses in the United States district courts. The bankrupt is examined as a witness at the instance of the creditor, who is the adverse party. The examination of a bankrupt is an examination in open court upon the trial of the cause, and must of necessity be an oral examination; and it is in the discretion of the court to allow the bankrupt counsel on an examination, even the counsel of record in the cause. Peabody v. Harmon, 3 Gray, 113.

[I hold that the bankrupt must be examined as a witness, the same in all respects as if examined as a witness in any cause on trial in the district court. Counsel may raise any objection, or take any exceptions, the same as at a trial in the district court. But the witness, be he the bankrupt or any other witness, cannot during such examination consult with counsel, or receive advice or suggestions from any person. The counsel for the bankrupt should be allowed to examine him as to any matter pertinent to his examination by the creditor (In re Bragg [Case No. 1,799]), or as to any matter set forth in the schedule. Bankrupts are unwilling witnesses. Their examination should be full, fair, and searching, not irrelevant (Ex parte Legge, 17 Jur. 415); should relate to all matters tending to show the bankrupt to have property other than that mentioned in the schedules (page 20, Manual U. S. Bankr. Act, and the case there cited; 1 Duer, 589). He must answer all questions touching or concerning his property, or any question tending to show he has property, interest in property, or rights in action not mentioned in his schedules, as required by the bankrupt act, and rules therein. The sched-

ules are his direct examination, and his examination by the assignee or creditor is a cross-examination. In this case the bankrupt is attended by two good lawyers, who claim the right to consult the bankrupt as to his answers, and to frame them for him, and cite the Patterson Case [Case No. 10,-815], 1 Duer, 589, and Law Rep. 514. Register Dwight held, "that in his opinion the bankrupt should have the privilege of consulting with his counsel while under examination, provided that such consultation does not cause delay in the proceedings;" and the judge held: "Within the limits above stated by the register, that is, to the extent of allowing to the bankrupt the privilege of consulting with his counsel while under examination, provided such consultation does not cause delay in the proceedings, the register is the proper judge of the propriety of allowing to the bankrupt such privileges, and the court will not interfere with the exercise of such discretion in ordinary cases." In this case, I hold that the counsel's consultations with the bankrupt during the examination, and also in part preparing the answer of the bankrupt in this cause, does cause delay in the proceedings, also hinders and impedes the proceedings, causing much delay, but not more so than consultations with counsel and the preparation of answers necessarily require. To the court's allowing counsel to the bankrupt on his examination, counsel for the creditor is strenuously opposed, citing 3 Gray, 113, as authority to the contrary; and it is evident that if the bankrupt can have counsel to prepare his answers to the questions asked him, the examination must be greatly impeded, and the examination prolonged to an intolerable length; the examination of the bankrupt becomes the examination of his counsel, which would at once defeat the intention of the law, and render the examination of a bankrupt under section 26 of the bankrupt act a mere farce. Some rule should be adopted whereby the rights of a bankrupt under examination should be defined and definitely settled, and the way in which a bankrupt should be examined minutely specified. In this case I hold the examination of the bankrupt under section 26 of the act and general orders, rule 10, shall be conducted in all respects before me at the chambers of this court as if the cause was in progress of trial before the judge of the district court. That the bankrupt, Curtis Judson, must take the stand as a witness, must answer the questions without advice or consultation with any person while on the stand as such witness. And that the bankrupt cannot consult with his counsel, or with any one, while on the stand as a witness, as to the way or manner he shall answer the questions put to him.

[Since writing the above opinion, I have seen the opinion of Judge Lowell. United States district court. Massachusetts, in Re

Tanner [Case No. 13,745]. The court held that a bankrupt under examination has no right to consult with his counsel, except when the magistrate before whom the examination is conducted, has good cause for allowing it. His opinion is very full, and covers the point taken in this case by the counsel for the bankrupt.

[The counsel for the bankrupt except to the ruling of the register, and ask that the same be certified to your honor.] [3]

In this case, the register certified to the court the question whether the bankrupt, while under examination, had the absolute right to consult with counsel respecting the answer to be made to a question propounded to him, and to put in, as such answer, an answer prepared by such counsel, as the result of such consultation. The register referred to the case of Tanner, decided by Judge Lowell, in the district court for the district of Massachusetts.

BLATCHFORD, District Judge. I have carefully examined the decision of Judge Lowell in the case of Tanner [supra], and concur fully in his views, in all respects, as there expressed.