### Case No. 3,008.

In re COLLINS.

[1 N. B. R. 551 (Quarto, 153); 2 Am. Law T. Rep. Bankr. 7.][1]

District Court, D. Kentucky. 1868.

EXAMINATION OF BANKRUPT—CONSULTATION WITH COUNSEL.

In the examination of a bankrupt, he may not consult with his counsel before answering interrogatories, except by permission of the register.

[On certificate of register in bankruptcy.]

I, James M. Fidler, one of the registers of said court in bankruptcy, do hereby certify, that in the course of proceedings in said cause before me, the following question arose, pertinent to the said proceedings: Facts. The bankrupt being duly under examination, was asked the following question by J. M. Fogle, counsel for Ben O'Neal, a creditor, namely: "Will you file the notes as a part of your examination?" John R. Thomas, attorney for the bankrupt, asked permission of the court to consult with and advise with the bankrupt before he answers the question, in which request the bankrupt joined. The attorney for the creditor objected to a consultation, which objection the register sustained. The attorney for the bankrupt insisted that the bankrupt had the right to consult his counsel, in relation to his

¹ [Reprinted from 1 N. B. R. 551 (Quarto, 153), by permission. 2 Am. Law T. Rep. Bankr. 7, contains only a partial report.]

answers to any, or all the interrogatories proposed to him, before answering the same, and requested that the question be certified to the judge for his decision thereon.

Opinion of the Register: This statement of facts does not, perhaps, fully justify me in submitting the first of the two following questions for the decision of the judge. But, as I am anxious to have some general rule for my guidance hereafter in examinations of bankrupts under section 26 of the bankrupt act, 1867 [14 Stat. 529], I do not doubt the propriety of submitting the general question. I conceive, then, that the two following questions arise for the decision of the judge, namely: First. May the bankrupt, during his examination, consult counsel, and have his advice, as to the answer to be given to such questions, as may be proposed to him in the course of his examination? Second. Was the register right, in this particular case, in refusing to permit the bankrupt to consult with his counsel before answering the question proposed? The question as to the right of the bankrupt to consult generally with his counsel is very fully discussed by Judge Lowell, United States district court, Massachusetts, in Re Tanner [Case No. 13,-745]. Judge Blatchford, of the United States district court for the southern district of New York, in the Case of Judson [Id. 7,562], has adopted or rather concurred in this opinion of Judge Lowell. The decision of Judge Blatchford in Re Patterson [Id. 10,816], also fully agrees with the opinion of Judge Lowell, above cited. It is agreed, I believe, in all of the cases cited, "that a bankrupt under examination has no right to consult with his counsel except when the magistrate, before whom the examination is conducted, has good cause for allowing it." Thus leaving the whole matter to the discretion of the register. Holding, as I do, that the bankrupt, when under examination, is a witness on the witness stand. "subject to the same rules and privileges as other witnesses," that the examination of the bankrupt before me at chambers must be conducted as if the cause was in progress of trial before the judge of the district court; and that to permit the bankrupt's counsel to advise him, as to the answers he should make to questions propounded to him in the course of his examination, would not only impede the case, but would make it anything but "full, fair, and searching," in that the counsel would in reality be examined instead of the bankrupt. Holding these opinions, I must, of course, hold that the bankrupt ought not to be permitted to consult with his counsel. The second question, was the register right, in this particular case, in refusing to permit the bankrupt to consult with his counsel? The question proposed by the attorney for the creditor, namely: "Will you file those notes as part of your examination?" could not have possibly involved any question requiring the

advice of an attorney. The question was asked in regard to notes in the bankrupt's possession, spoken of no less than three times in the course of the examination, and could have been answered without any possible detriment to the interest of the bankrupt. To have permitted a consultation here would have greatly impeded the case, and would have been a virtual admission of the right of the bankrupt and his counsel to consult upon all occasions and at their own pleasure. It may not be improper to state that when this question was asked, the bankrupt had been on the stand under examination for about eight hours, and that the examination had been unnecessarily protracted by the verbosity of the bankrupt.

BALLARD, District Judge. I concur with the register in the conclusions which he announces, and I approve of nearly all that is said by him in enforcing the correctness of his conclusions. I have heretofore decided, in Re Leachman [Case No. 8,157], that a bankrupt cannot be denied the benefit of counsel; that he may be attended by his counsel while under examination, and that the counsel may propound to him questions for the purpose of explaining anything already testified to, or of developing any new material fact. But it is quite a different thing to allow the examination to be suspended that the bankrupt may consult with his counsel privately. The allowing of such suspension and consultation would destroy the whole virtue of an examination. It might give the bankrupt time and opportunity to elude the effect of every examination designed to expose his deceit and falsehood. In the courts of the United States and in the courts of the states in which parties to suits are competent witnesses, I have never heard of the trial being suspended that a party on the witness stand might consult with his attorney before answering a question propounded to him. There may be a case in which such a privilege might or should be allowed, as for example, where the examination might implicate the bankrupt in a criminal charge, or requires the disclosure of facts against which he is protected by law. But even in such case the presence of the bankrupt's counsel will generally, if not always, furnish all the protection needed without the allowing of a private consultation. Upon the whole, I think that no rule applicable to all cases can be laid down by the court which will enable registers to determine when a bankrupt under examination ought, or ought not, to be allowed to consult counsel, independently of the particular questions and the particular circumstances under which it is put. The solution of the matter must be left mainly, if not entirely, to the good sense and judgment of the register; generally he should not allow consultation, but if a case should arise in which its allowance would not seriously delay the proceeding nor tend to defeat the effect of the examination, I think it would be a proper exercise of the discretion of the register to grant it. Perhaps it is not proper to lay down here a rule for all cases, and I shall not further attempt it. The action of the register in this case is clearly right. True, the question propounded does not appear to me very material, and that it seems not very important what answer shall be made to it; but no question is submitted touching the materiality of the interrogatory, nor could I, upon the facts disclosed in the certificate, decide such a question. The only questions certified relate to the right of the bankrupt to consult with his attorney before answering, and I am clearly of the opinion that there is nothing in the question propounded, nor in any of the facts certified, which shows that there was the slightest necessity for allowing a consultation in this case.