## Case No. 13,582.

### In re STUYVESANT BANK.

[6 Ben. 33;[1] 7 N. B. R. 445.]

District Court, S. D. New York. April, 1872.

BANKRUPTCY—EXAMINING WITNESS AS TO ESTATE OF BANKRUPT—RIGHT OF WITNESS TO HAVE COUNSEL.

1. In an examination of a witness respecting the estate of a bankrupt, on the application of a creditor, other creditors have not the right to in-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tervene and to interpose objections to questions put.

2. In such an examination a witness is not entitled to counsel, even though his examination may establish a liability on his part to the bankrupt's estate, and must be compelled to answer questions respecting his transactions with the bankrupt.

[Cited in Re Comstock, Case No. 3,080.]

In this case, a witness, who had been president and afterwards receiver of the bank, was under examination, at the instance of John Mack, a creditor. Questions were put to the witness touching advances made to the bank by him during his presidency thereof. In the course of this examination, the witness was asked to state specifically when and in what way a loan of $50,000 to the bank, to which he had testified, had been paid by him, or if he had any book or memoranda by which he could determine. Counsel appearing on behalf of W. R. Barr, another creditor, objected to the question. The register disallowed the objection, and the witness declined, by advice of counsel, to answer. The same counsel, appearing also as counsel for the witness, claimed to be recognized as such, and insisted that, inasmuch as the whole line of the examination pointed towards an assumed liability of the witness himself to the bankrupt, and his answers might tend to establish that liability, the witness was entitled to counsel. The register having decided that, under the ruling of the court in Fredenburg's Case [Case No. 5,075], the witness was not entitled to counsel, certified the above questions to the court, with his opinion, that, in an examination of a witness respecting the estate of a bankrupt, on the application of a creditor, other creditors have not the right to intervene and to interpose objections to questions put; that the claim of counsel to appear for the witness was untenable, and could not be considered stronger because his examination might establish a liability on his part to the bankrupt's estate; and that the question put to the witness, being in the regular line of investigation concerning an important and large transaction with the bankrupt, was one which the creditor was entitled to have answered, and the witness should be compelled to answer it.

By JAMES F. DWIGHT, Register: [2][I, James F. Dwight, register of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following questions arose pertinent to the said proceedings, viz.: O. H. P. Archer, a witness summoned on the application of John Mack, a creditor, was under examination before me on the 3d day of April, 1872. In the course of his examination the following testimony was taken: Q. (9) "Can you state more specifically when and in what way the actual payment of fifty thousand dollars was made by you, or have you any

[2] [From 7 N B. R. 445.]

book or memoranda by which you can determine?" Dudley Field, Esq., appearing on behalf of Wm. R. Barr, a creditor, objects to the question, on the ground that the witness has not been asked at all yet when the payment was made, and further, that the question is incompetent, unmaterial and improper. The register rules, that in this examination the creditor, Barr, has not the right to intervene, and that the objection cannot be allowed. To which the attorney for said creditor excepts, and desires that the question may be certified to the court, as to whether this creditor can intervene. The question is allowed, and the witness is directed by the register to answer it. The witness says: A. "I decline to answer, by advice of counsel." Mr. Dudley Field appearing also as counsel for Archer, the witness, claims to be recognized as such, and insists that inasmuch as the whole line of examination points toward an assumed liability of the witness himself to the bankrupt, and his answers may tend to establish that liability, the witness is entitled to counsel. The register decides that under the ruling of the court, in Re Fredenburg [supra], the witness is not entitled to counsel, and that Mr. Field cannot be recognized as such. Mr. Field, as attorney and counsel for Wm. R. Barr, prays that the question may be certified to the court, as to the correctness of the register's ruling. Mr. Tracy for the examining creditor, Mack, desires that the question may be passed upon by the court as to whether the witness shall be compelled to answer question No. 9, and prays that the matter be certified to the court.

[In accordance with the request of the parties, the said questions are certified to the judge for his action, and under the rule of the court I state the following:

[1st. In regard to the first point, raised, I do not think that other creditors have the right to intervene and to interpose objections to questions put. These examinations are allowed by the bankrupt act [of 1867 (14 Stat. 517)], for the purpose of gaining information concerning the estate of the bankrupt; information in which all the creditors have a common interest; and to allow one creditor the right to interpose objections to the course of examination by another, would only hamper the examining creditor, while affording no benefit to any, and would be productive only of confusion and delay. The only person who would properly have an "opposing interest" in such an examination, would be the bankrupt himself, and to him is preserved and allowed the right of cross examination.

[2d. In regard to the second point.—The claim of Mr. Field to appear as counsel for the witness: (entirely apart from the fact that the application does not come from the witness himself,) the proposition seems to me entirely untenable. The rights and obligations of a witness are not one thing when he is before a court and jury, and another when

being examined in chambers before a register. He does not occupy such an anomalous position that would entitle him to assistance in one case, that would not even be claimed for him in another. This point has already been passed upon in the Case of Fredenburg [supra], and in Re Feinburg [Case No. 4,716]. Nor can the claim be considered stronger because the examination of the witness may establish a liability on his part to the bankrupt estate. The very end and aim of an examination might be to establish precisely such a liability, (which right of examination is passed upon by the court in Re Earle [Id. 4,244], and in Re Fay [Id. 4,708]) and however much such person under examination might need legal assistance and counsel when a party to proceedings in another forum, it could certainly not be allowed to follow him into the stand and take position by his side when he is called as a witness.

3d. I think the witness should be compelled to answer question No. 9. Section twenty-six of the act gives to creditors the right to examine the bankrupt upon all matters relating "to the disposal or condition of his property; to his trade and dealings with others, and his accounts concerning the same; to all debts due to or claimed from him; and to all other matters concerning his property and estate, and the due settlement thereof according to law," and the court may in like manner require the attendance of any other person as a witness.

[The bankrupt act gives the fullest power to creditors to get at all the facts connected with a bankrupt estate, and this question being in the regular line of investigation concerning an important and large transaction with the bankrupt is one which the creditor is entitled to have answered. Which facts, questions certified, and opinion, are respectfully submitted this 8th day of April, 1872.] [2]

BLATCHFORD, District Judge. I concur in the views of the register.

[For a prior proceeding in this litigation, see Case No. 12,581.]