## Case No. 12,477.

### In re SCHONBERG.

[7 Ben. 211.] [1]

District Court, S. D. New York. March, 1874.

BANKRUPTCY—EXAMINATION OF BANKRUPT'S WIFE —COUNSEL.—WITHHOLDING DOCUMENTARY EVIDENCE.

A bankrupt's wife, summoned as a witness before the register, and required to produce a letter from her half-brother accompanying a gift of money with which a house contracted for by her husband was partly paid for, refused, by advice of the bankrupt's counsel, to produce it. *Held*, that the witness was not entitled to

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

have counsel, nor had the bankrupt's counsel a right to advise her to withhold such documentary evidence bearing on the subject of her examination: that the witness must produce the document: and that the assignee might examine her as to all the facts to which it related.

[In the matter of J., A., and E. Schonberg, bankrupts.]

BY THE REGISTER. The wife of one of the bankrupts had received at various times gifts of money from her half-brother, amounting to $25,000; and part of the purchase money of a house contracted for by her husband was furnished from these gifts, and the deed of the house was taken in the wife's name. She was summoned as a witness in the bankruptcy proceedings, and was, at first, willing to produce the letter of her half-brother which accompanied the first gift; but, by advice of the bankrupt's counsel, who claimed also to be her counsel, she refused to produce it.

The register, upon request, certified his conclusions upon the questions raised, as follows: (1) The witness is not entitled to counsel on her examination. (2) The counsel for the bankrupt has not the right to advise the witness to withhold the letter. (3) The witness should be directed to produce the letter, as her only reason for not so doing is the advice of counsel. (4) The assignees should be allowed to go into all the facts and circumstances of the transaction of the purchase of the house for which one of the bankrupts contracted, but the title of which was taken in his wife's name, and which house was partly paid for by the money alleged to have been given her by her half-brother. (5) The assignees should be allowed to examine the witness fully as to the alleged gifts, and as to what was done with the money, so far as it is connected in any way with the bankrupts or their estate.

BLATCHFORD, District Judge. I concur in the conclusions of the register.