## Case No. 3,080.

### In re COMSTOCK et al.

[3 Sawy. 517;[1] 13 N. B. R. 193; 8 Chi. Leg. News, 82.]

District Court, D. Oregon. Nov. 16, 1875.

WITNESS BEFORE REGISTER — NOT ENTITLED TO COUNSEL—CREDITOR NOT A PARTY TO EXAMINATION — ASSIGNEE, ATTORNEY AND COUNSEL FOR —ATTORNEY, AUTHORITY OF.

1. A witness summoned before the register on the application of the assignee, to be examined under section 5087 of the Revised Statutes, is not a "party" to such proceeding, and is therefore not entitled "to take the opinion of the district judge upon any point or matter arising in the course of such proceeding."

2. A witness summoned as aforesaid, not being a "party" to the proceeding, is not entitled to be attended or represented by counsel during his examination.

3. A creditor of the bankrupt is not a "party" to such proceeding, and is therefore not entitled to interfere with it, or be represented in it by counsel.

4. An assignee can only be represented in the written proceedings by his duly appointed attorney; but this does not prevent another at-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

torney from appearing in court, as counsel for the assignee in a particular proceeding therein pending, as provided in section 1000 of the Oregon Civil Code.

5. An attorney who has no authority to appear in a proceeding instituted by the assignee, cannot be heard to question the authority of the attorney who appears in such proceeding as counsel for such assignee.

Certificate from register stating question for the opinion of the judge.

[The bank, on January 30th, proved a debt against the estate, to which the assignee filed objections. The bank moved to strike out the objections, for want of jurisdiction, and the motion was denied. Case No. 3,077. Subsequently, another motion was made to strike out objections of the assignee to the proof, and the motion was likewise denied, and the objection sustained. Case No. 3,-078.] ·

DEADY, District Judge. On the application of the assignee, W. W. Francis was summoned before the register to be examined in the above-entitled matter. Upon the appearance of Francis before the register, he was accompanied by an attorney of this court, who offered and desired to appear as attorney for the witness and also for the bank of British Columbia, a claimant against the estate of Comstock & Co.

Counsel for the assignee objected to the appearance of counsel for the witness or the bank, on the ground that neither the witness nor the bank is a "party" to the proceeding, although it was admitted that the proposed examination of the witness had reference to "an affair of the bankrupts with the said bank on and about November 14, 1873." The register ruled that the "witness is not entitled to counsel," and that "the bank cannot appear in this proceeding by counsel," and the question: "Shall the ruling of the register be sustained?" was certified to the judge for decision. No person is entitled, under section 5010 of the Revised Statutes, "to take the opinion of the district judge upon any point or matter arising in the course of the proceedings" before the register, unless he is a "party" thereto. The witness Francis is not a party to this proceeding. The only party to it is the assignee. The law gives him the right to examine this witness with reference to the affairs of the bankrupt, so as to enable him to act intelligently in the premises. The witness is no more a "party" to the proceeding than if he was being examined on behalf of the plaintiff or defendant in an ordinary action.

Neither is the bank a party to this proceeding. The examination of the witness is exparte, and cannot be used as evidence against the bank in any action or proceeding to which it is a party. As has been stated, it is taken solely for the information of the assignee, to enable him, as the representative of all the creditors, to understand and assert or defend their rights in the premises. In re Fredenberg [Case No. 5,-075]; In re Feinberg [Id. 4,716]; In re Fay [Id. 4,708]; In re. Stuyvesant Bank [Id. 13,-582]. This being so, the register might properly have refused to certify this question. In re Fredenberg, supra.

Indeed, I think he ought to have refused it, and proceeded at once with the examination of the witness. But for the same reason, that the witness is not a "party" to the proceeding, he is not entitled to counsel. It is only parties who are thus entitled. In this proceeding, whatever interest he may have in the matter sought to be inquired into, if any, Francis is merely a witness, and is no more entitled to appear or be attended by counsel than he would be if called as a witness in an ordinary action.

The same is true of the bank, and for the same reason. It is not a "party" to the proceeding, and the information elicited by it is merely for the benefit of the assignee. If the examination disclosed the fact that the knowledge of the witness is or may be material in any controversy with the assignee to which the bank is or may be a party, before such knowledge could be used against the bank, he would have to be called and examined, subject to cross-examination as an ordinary witness in such controversy. The attorney who offered to appear as counsel for the witness and the bank, also objected that the attorney who appeared as counsel for the assignee was not "the attorney of the assignee," and therefore not entitled to appear for him upon this proceeding. While I have no doubt that the assignee can only be represented in the written proceedings by his duly appointed attorney, yet I see no reason why another attorney may not appear in court, as counsel for the ass'gnee, in a particular proceeding therein pending, as provided in section 1000 of the Oregon Civil Code. But the attorney seeking to appear for the witness has no standing before the court in this proceeding, and therefore cannot be heard to question the authority of the attorney who appears as counsel for the assignee. For the same reason, the question arising upon such objection ought not to have been certified.

The rulings of the register are affirmed, and the clerk will certify a copy of this decision to him, and is hereby required, under rule 58, to tax the expenses of this certificate, together with a sum of five dollars to be paid to the assignee or his attorney, against the attorney who sought to appear for the witness.