# EX PARTE CARASQUILLA ET AL.

San Juan, Bankruptcy, No. 80.

ON REFEREE'S CERTIFICATE AS TO CONTEMPT.

Bankruptcy — Contempt Before Referee.

    1. A referee cannot punish for contempt before him, and must certify the fact up to the court.

Bankruptcy — Contempt.

    2. If a bankrupt withdraws before his examination is completed, it is a contempt of court.

Ex parte Carasquilla.

Bankruptcy — Withdrawal of Bankrupt.

    3. The referee is not so much the arm of the court as the court itself, for many purposes in bankruptcy. His action is reviewable, but cannot be made the subject of contempt.

Bankrupt — Contempt.

    4. The fact that the bankrupt obeyed a subpoena to attend an adjourned meeting modifies the contempt committed in leaving the first meeting.

Contempt — Advice of Counsel.

    5. The fact that a man in committing contempt follows the advice of counsel is no defense.

Opinion filed September 24, 1913.

_____

*Mr. Salvador Suau,* referee in bankruptcy, *pro se.*

*Mr. Martin Travieso* for respondent.

HAMILTON, Judge, delivered the following opinion:

This case comes on to be heard upon the certificate of Referee Suau as to certain proceedings before him as referee on August 2, 1913, answer of Harry F. Besosa for himself, and the bankrupt Carasquillo, and exceptions by the referee to the answer, in effect denying that it shows any defense.

The facts seem to be that during the progress of this bankruptcy case a meeting of creditors was held on July 22, in regard to the sale of some property, and was adjourned over until August 2. The bankrupt was notified to appear also on August 2, for the purpose of further examination. On the latter date the bankrupt and his attorney appeared, and before the referee opened court the attorney objected to what he termed the

    VI. Porto Rico—19.

preceding secret meeting of creditors, and asked that his protest be entered of record. This the referee refused, whereupon the attorney and his client withdrew, with the remark that there could be no further use for them. They afterwards, upon subpœna served by the marshal, attended a meeting. The referee, upon request of creditors, however, certified the withdrawal as a contempt, and asks that the court punish the same. The defenses set up by the answer are, in the first place, that the action complained of was before the meeting was opened, and hence not before the referee sitting as a court, and, in the second place, that the words spoken were in reply to words by the referee, and should be held palliated, if not excused.

1. The proper procedure in matters of contempt before a referee is for that officer to certify the facts showing the alleged offense, including the minutes as a record, up to the court. The referee himself has no power to punish for contempt. Bankruptcy act § 41; Collier, Bankr. p. 519. The court, thereupon, hears the case summarily, and awards such decision as it thinks proper.

In this case the referee made the proper certificate, the bankrupt and his attorney filed an answer, and the referee filed an exception, which in effect admitted the truth of the facts set up in the answer, but denied that they excused the alleged contempt. No evidence was introduced, but the facts conceded by the pleadings and in the argument are sufficient for the court to proceed without decision on the technical questions of practice.

2. The fact that the words were spoken before the opening of the referee's hearing is not material in this case. It was not so much the words spoken as the result which they were designed

Ex parte Carasquilla.

to produce and did produce, that constitute the contempt. The offense was not in saying that there was no use for the bankrupt to stay, but the fact that he did not stay, and thereby his further examination was prevented. It has been held that it is contempt for the bankrupt to withdraw before the close of his examination. Re Vogel, 5 Nat. Bankr. Reg. 393, Fed. Cas. No. 16,984. Refusing to be examined is even more reprehensible, and is a contempt which cannot be permitted.

3. The attorney assumes full responsibility for all that occurred, and admits a technical contempt, but seeks to palliate it by showing that it was in consequence of words spoken by the referee. This, however, cannot be admitted. If the referee acts in a manner unbecoming his position as a judge, an exception should be taken, and if necessary an appeal or proceeding for review by the district court. Proceedings before the referee cannot be tied up for any such cause. The referee is not so much the arm of the court, like the master in chancery, as the court itself, for many purposes in bankruptcy proceedings, and must be respected as such. He is subject to review, but not to contempt. Bankruptcy act, §§ 38, 41; Collier, Bankr. 492, 519.

4. Although the bankrupt left the meeting, he respected the subpoena served by the marshal, and afterwards attended the meeting, and answered the questions that were put to him. This greatly modified the matter of contempt as far as related to the bankrupt himself. Re Fredenberg, 2 Ben. 133, Fed. Cas. No. 5,075.

5. The matter at bar presents the case of a client acting under advice of counsel, and counsel himself co-operating in an act which is a contempt of court. Acting under advice of counsel

Ex parte Carasquilla.

is no defense where the question is one of contempt, although this advice may be taken in account in mitigation of the punishment. Loveland, Bankr. § 671. Ordinarily an attorney giving advice in good faith is not to be held guilty of contempt, even though his advice was erroneous. Re Watts, 190 U. S. 1, 47 L. ed. 933, 23 Sup. Ct. Rep. 718, 14 Am. Crim. Rep. 48. In the present instance, however, counsel not only advised, but actively participated in the proceedings which are charged as contempt, and therefore neither counsel nor client can be excused. Any other rule would make it impossible to punish for contempt at all in such a case as that at bar.

The foregoing opinion will be useful as outlining the procedure which should be pursued in such cases, but the court is relieved from passing judgment and applying punishment. The referee and the attorney, at the suggestion of the court, have settled the matter out of court, and have agreed in asking that the present application therefor be dismissed, and it is so ordered..