In re EMIGH et al.

(District Court, N. D. New York. July 23, 1917.)

BANKRUPTCY ⊜⇒241(1)—PROCEDURE—SPECIAL EXAMINATION OF WITNESS.

A witness other than the bankrupt called under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 551 (Comp. St. 1916, § 9605), for special examination "concerning the acts, conduct, or property" of the bankrupt, after adjudication and appointment of a trustee, may, in the discretion of the referee, be examined privately, and is not entitled as matter of law to be represented by counsel even though he has filed a claim against the estate which is contested, where the merits of his own claims are not a subject of the examination. Nor is the bankrupt entitled to be present or represented by counsel at such examination.

In the matter of Mott Emigh and Martin J. Straub, individually and as copartners of the firm of Emigh & Straub, bankrupts. On questions certified by referee.

This is a review of the rulings of Hon. Edwin A. King both as special master appointed to examine the alleged bankrupts and witnesses prior to the appointment and qualification of the trustee and as referee in bankruptcy at the first meeting of creditors duly called and held subsequent to the appointment of the trustee, at which meeting one George A. Straub was duly subpœnaed and in attendance as a witness in behalf of the trustee in bankruptcy, and by which rulings the referee held that the trustee was entitled to a private examination of the witness, the examination being under section 21a of the Bankruptcy Act; that the witness was not entitled to have counsel present in his own behalf during his examination, it appearing that he had presented a claim against the estate in bankruptcy amounting to some $7,000 which had been objected to, but which was not then in controversy; that the bankrupts were not entitled to be present at and during such examination, either in person or by counsel; and that the general public was not entitled to be present at such examination.

It is assumed it was not proposed to examine into or inquire as to the merits of the claim of George L. Straub, the witness, as there is nothing in the record certified to this court indicating such purpose.

Thos. O'Connor, of Waterford, N. Y., for trustee.
O'Brien & Murray, of Troy, N. Y., for witness Geo. A. Straub.
J. A. Murphy, of Troy, N. Y., for bankrupt.
Martin J. Straub, in pro. per.

RAY, District Judge (after stating the facts as above). The referee has certified to this court the following questions:

"1. Is a witness, under section 21a, entitled as matter of law to be represented by counsel upon his examination?

"2. Does the fact that such witness happens also to be a creditor, or an alleged creditor, of the bankrupt, entitle him so to be represented by counsel?

"3. Upon such examination is the bankrupt, or his attorney, entitled as matter of right to be present?

"4. Upon such examination is the public as such, or any particular citizen as such, entitled as matter of right to be present?"

Section 21a of the Bankruptcy Act provides as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act: Provided, that the wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt."

This section is silent as to the attendance of counsel for the witness or the bankrupt if it be the bankrupt who is to be examined. This section presupposes a special examination and a special order for the examination. It may be had at the time of the first meeting of creditors, but is not necessarily a part of the proceedings at such first meeting. If made a part of the proceedings at the first meeting of creditors, it would seem clear that not only the bankrupt, but all creditors, would have the right to be present with counsel, but if not made a part of the proceedings of such first meeting, but is had for a special purpose as mere discovery, a different question arises. This review does not necessarily involve the rights of the bankrupt when under oath, as neither of the bankrupts was sworn. The questions certified concern the rights of a witness, his counsel, and of the general public. The proceedings before the special master as such had not been concluded, and from the record before me I conclude that the examination of Straub was intended to be had under the provisions of section 21a.

Black on Bankruptcy, § 267, pp. 648, 649, says:

"A stranger to the proceedings (that is, one who is neither the bankrupt himself nor a creditor) when summoned to appear and be examined in bankruptcy, at the instance of the trustee or the creditors, has no right to have the attendance and advice of counsel at his examination. Neither is a creditor of the bankrupt a 'party' to the proceeding, in any such sense as to entitle him to interfere with it or be represented in it by counsel, or at least it is in the judicial discretion of the referee to permit or refuse such representation. But in the case of the bankrupt himself, it is different. The rule is well settled that he is entitled to be attended by his counsel on his examination, and that the attorney may interpose objections to any improper questions propounded to the bankrupt. But the bankrupt has no absolute right to consult with his counsel before answering any given questions, or to take his advice as to the necessity of his answering the question or the form of his answer. This privilege may be allowed to him by the referee, if the circumstances render it proper, but it cannot be claimed as of right. The referee has a discretionary power to allow such a consultation of the bankrupt with his counsel, and whether or not it shall be allowed must be determined by him according to the circumstances of each particular case. On this point it has been said: 'There may be a case in which such a privilege might or should be allowed,

as, for example, where the examination might implicate the bankrupt in a criminal charge, or require the disclosure of facts against which he is protected by law. But even in such a case, the presence of the bankrupt's counsel will generally, if not always, furnish all the protection needed without the allowing of a private consultation.' "

·He cites the following authorities:

"In re Feinberg, 3 Ben. 162, 2 N. B. R. 425, Fed. Cas. No. 4,716; In re Fredenberg, 2 Ben. 133, 1 N. B. R. 268, Fed. Cas. No. 5,075; In re Feeny, 1 Hask. 304, Fed. Cas. No. 4,715; In re Stuyvesant Bank, 6 Ben. 33, 7 N. B. R. 445, Fed. Cas. No. 13,582; In re Schonberg, 7 Ben. 211, Fed. Cas. No. 12,477; In re Howard (D. C.) 95 Fed. 415, 2 Am. Bankr. R. 582; In re Abbey Press, 134 Fed. 51, 67 C. C. A. 161, 13 Am. Bankr. Rep. 11; In re Comstock, 3 Sawy. 517, 13 N. B. R. 193, Fed. Cas. No. 3,080; In re Tanner, 1 Low. 215, 1 N. B. R. 316, Fed. Cas. No. 13,745; In re Patterson, 1 N. B. R. 150, Fed. Cas. No. 10,815; In re Judson, 2 Ben. 210, 1 N. B. R. 364, Fed. Cas. No. 7,562; In re Collins, 1 N. B. R. 551, Fed. Cas. No. 3,008; In re Lord, 3 N. B. R. 243, Fed. Cas. No. 8,502."

In 2 Remington on Bankruptcy (2d Ed.) §§ 1573, 1574, pp. 1456, 1457, it is said:

"Sec. 1573. *Witness, as Such, Not Entitled to Attorney.*—A witness is not entitled as such to have an attorney, and his attorney need not be allowed to participate in the proceedings.

"Sec. 1574. *But is Entitled if Witness be Creditor or Bankrupt.*—But if the witness is also a creditor who has proved his claim in the proceedings, or if he is the bankrupt himself, it would seem he may, as being a party to the proceedings, be entitled to an attorney and to have his attorney heard on the propriety of questions and to participate in the examination precisely as could any creditor who is not a witness. A contrary rule would allow creditors who were not witnesses to have attorneys participate in the examination, but would debar creditors who were witnesses from the exercise of the same right. So, also, by the same contrary rule, a bankrupt, who in fact is precisely as much of a party to the proceedings as any creditor, would not be entitled to have his attorney participate in the examination when the bankrupt himself was a witness, but would be entitled to participate in the proceedings when he was not a witness. The contrary rule thus would lead to absurdity.

"So, while it still remains true that as a mere witness neither a bankrupt nor any creditor is entitled to counsel, yet, as parties to the bankruptcy proceedings, they are so entitled, and both the bankrupt's attorney, and also any creditor's attorney, is entitled to cross-examine witnesses, where the examination is a 'general' examination."

Remington cites the same cases.

In Re Abbey Press, 134 Fed. 51, 67 C. C. A. 161 (C. C. A., Second Circuit) 13 Am. B. R. 11, it is said:

"Finally it is contended that the petitioner was entitled to be represented by counsel. No authority is cited in support of this proposition. Such a course would be contrary to the rulings in other courts, and, as we understand it, contrary to the practice and decisions in the bankruptcy courts. In any event, no such representation should be allowed except in the discretion of the court; that is, of the referee."

I do not find that this holding of the Circuit Court of Appeals in this, the Second Circuit, has been overruled. It must be accepted as the law as to the examination of a person who is a mere witness. But what is and what should be the rule when the witness so called for examination is also an alleged creditor, having presented a claim which is disputed by the trustee?

In Matter of Adler & Co., 21 Am. Bankr. R. 302, the referee said and held:

"I denied the right of counsel for the bankrupt to be present, because:

"First. The inquiry 'is of necessity to a considerable extent a fishing expedition.' In re Foerst, 1 Am. B. R. 259, 93 Fed. 190.

"Second. The purpose of the examination being to take necessary steps for the discovery, possession, and preservation of the estates, if any hidden assets should be disclosed, the presence of counsel for the bankrupt, at time of disclosure, would put it in the power of the bankrupt to remove said assets from their hiding places before legal process could issue.

"Third. The examination is not intended as a means of producing testimony, pertinent to issues on trial, and is not directed to a defined issue between parties. In re Fixen, 2 Am. B. R. 822, 96 Fed. 755; In re Wilcox, 6 Am. B. R. 362, 109 Fed. 628."

This holding was confirmed by the District Judge. These reasons apply equally if not with greater force to the examination of a third party witness, whether having a claim or not, provided the examination of the witness in the absence of his attorney does not involve the merits of his claim. In my judgment it would violate the proprieties, as well as a proper respect for the administration of justice, to subpœna a person claiming to be a creditor of the bankrupt under section 21a and compel him to submit to a private examination in the absence of his counsel, assuming he requests counsel, involving the merits of his claim. But as to matters which do not involve the merits of the claims of the witness against the bankrupt estate, I can see no objection to the full and complete examination of the witness, even though he be a creditor or an alleged creditor in the absence of both the bankrupt and his counsel and the absence of counsel for such witness. In my judgment it would be an abuse of discretion on the part of the referee to allow counsel for the trustee to go into matters involving the merits of the witness' claim, he being a witness under special order and special examination. It would be unfair and might be seriously prejudicial. I do not think a proper regard for the interests of general creditors would justify such action. At the first meeting of creditors, of which all creditors have notice (section 58, Bankruptcy Act [Comp. St. 1916, § 9642]), and at all adjournments thereof, the bankrupt may be examined. Witnesses may be examined and proof taken as to claims. These proceedings should be open to the public, and the bankrupt is then and there entitled to counsel. While the witnesses are publicly sworn and examined at such a meeting, they are not entitled to counsel, except when in the discretion of the referee or court counsel ought to be permitted. But special examination of the bankrupt and of his wife and of witnesses under special order pursuant to the provisions of section 21a are a different matter, and are had for a different purpose. The two proceedings should not be confused or conducted the one as a part of the other. These special examinations, while a proceeding in the case before the referee or judge, are not a part of the open court proceedings proper and ought not to be. If so conducted the object and purpose of such examination will be defeated.

It is now settled by the Supreme Court, notwithstanding many decisions in the lower courts to the contrary, that the moment a petition

in bankruptcy is filed, whether voluntary or involuntary, and a receiver appointed, the administration of the estate has begun, and an order may be granted under section 21a for the examination of the bankrupt or any designated witness or witnesses. Cameron v. United States, 231 U. S. 710, 716, 717, 34 Sup. Ct. 244, 246, 58 L. Ed. 448. The court says of this section:

"The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved. If such examination is postponed until after adjudication, which may not take place for at least twenty days, within which the bankrupt in involuntary bankruptcy is given leave to appear and plead, the estate may be concealed and disposed of and the purpose of the act to hold it and to distribute it for the benefit of creditors defeated."

It is apparent that notice to creditors of examinations under section 21a is not contemplated by the act. In fact in involuntary cases such notice would be impossible, as there are no schedules or list of creditors in such cases and the creditors of the bankrupt are largely unknown. These examinations are held mainly for the purpose of discovery, and there is every reason that they should proceed expeditiously. There is no issue framed and no contest. There is no reason why a witness should be attended by counsel and no reason why the bankrupt himself on such examination should be attended by counsel, as his testimony cannot be used against him in any criminal prosecution. In this case the proceeding has gone to adjudication and the appointment of a trustee and the filing of schedules, and the creditors are known, but these facts do not necessarily avoid the necessity and propriety of an examination under section 21a, or call for notice to creditors when such examination is had. The examination under this section is confined to the acts, the conduct, and the property of the bankrupt. The referee or special master must, of course, exercise a wise discretion in conducting such an examination. In the examination of the witness George A. Straub, under section 21a, the referee must not permit the merits of Straub's claim against the bankrupt estate to be gone into in the absence of his counsel, and if questions are propounded which the witness thinks would incriminate him, he should be allowed to consult his counsel before answering or declining to answer. I think a bankrupt, when examined pursuant to a special order under section 21a, occupies the position of a witness merely, but I am not called upon at this time to decide that question.

My conclusions are that the witness Straub had no right as matter of law to a public examination; that in the discretion of the referee or special master a private examination was proper without the presence of the witness' counsel or that of the bankrupt and his attorney, assuming that the merits of his claim were not gone into. This is of course on the assumption that the examination was being conducted under section 21a, and not as a part of the proceedings at the first meeting of creditors.