## Case No. 11,178.

### In re PIONEER PAPER CO.

[7 N. B. R. 250.] [1]

District Court, N. D. New York. Oct. 20. 1869.

BANKRUPTCY—POWER OF REGISTER—EXAMINATION OF WITNESS—ORDER OF COURT.

1. The register has power to make the order, under section twenty-six of the bankrupt act [of 1867 (14 Stat. 529)], requiring the bankrupt or a witness to appear and be examined.

2. It is not necessary to apply to the court to obtain such order.

3. On such examination the bankrupt or witness may be examined fully, substantially as under a reference upon a creditor's bill, or in supplementary proceedings under the Code.

An affidavit was made on behalf of certain creditors of the bankrupt, alleging that the First National Bank of Ballston Spa had recovered a large judgment against the bankrupt, shortly before the filing of the petition, and also charging collusion between E. Comstock, W. Wilson, and M. W. Comstock, the trustees of the bankrupt corporation, and said bank, and also attacking the consideration of said judgment.

Upon such affidavit Register SACKETT made the following order:

"On the application of E. W. Murphy and others, creditors of the said bankrupt, it is ordered that the said bankrupt attend before me, at my office, on the fourteenth day of October, eighteen hundred and sixty-nine, at Saratoga Springs, at twelve o'clock, noon, to submit to the examination required by section twenty-six of the bankrupt act, and that a copy of this order be delivered to said bankrupt forthwith. And it is further ordered that Hero Jones, Elisha Comstock, Marcus W. Comstock, and William Wilson, be and appear at the same time and place to be examined as witnesses in regard to the estate of the said bankrupt, or at such other place as said matter may be adjourned to.

"September 25, 1869.

"W. A. Sackett, Register in Bankruptcy."

### Annexed Proceedings.

At Saratoga Springs, in said district, on the fourteenth day of October, 1869, before William A. Sackett, register, E. F. Bullard appeared as counsel for creditors; A. Pond, as counsel for witnesses and bankrupt.

Hero Jones, of Milton, Saratoga county, being duly sworn and examined at the time and place aforesaid, upon his oath, says: I reside in Milton, Saratoga county, and am president of the First National Bank of Ballston Spa, in that town, and have been for over four years last past; that bank holds and owns a judgment against the Pioneer Paper Company, above-mentioned, for $9,703.98, entered January 23, 1869, on which interest has run since it was entered. The witness here objects to the regularity of the order in this case, and says that he is not liable to ex-

1 [Reprinted by permission.]

amination as a witness in this matter, except upon an order of the district court, and that the register has no power to grant such an order. The register overrules the objection, and says, that the witness is bound to testify as a witness under said order.

Question.—What was the consideration of the judgment above referred to in favor of the First National Bank of Ballston Spa against the Pioneer Paper Company?

The counsel for the witness, and the witness, ask the counsel for creditors, who insist on the examination of the witness, "What is the object of this testimony?" The counsel for the prosecuting creditors answers, "that he proposes to show that the judgment in question was obtained upon paper, given by the former trustees of the bankrupt for the benefit of Elisha Comstock, which he proposes to follow up by proving that the said Comstock and his associate trustees, then in charge of said corporation, conspired together and fraudulently voted a salary to the said Comstock of five thousand dollars a year, and to his son Marcus about one thousand five hundred dollars a year, and to his son Abijah about seven hundred dollars a year, for pretended services. And that he intends to show that said judgment is fraudulent and void; with a view of asking the assignee in those proceedings to file a bill in this court to set the same aside; which judgment is an apparent lien upon the bankrupt's real estate." And the said counsel further insists, that he has the right to, and offers to examine the witness fully in regard to the estate of the bankrupt, substantially in the same form as debtors and witnesses are examined in supplemental proceedings under the laws and practice of the state of New York, and as they were formerly examined, in reference to a matter upon creditors' bills. The register rules that parties have no right to make offers upon the record not based upon a question.

The counsel for the witness and the bank objects to the question and the offer on the following grounds: (1) That the subject matter of the inquiry is not embraced in the order of reference to the register, which is limited to the proof of debts and the appointment of an assignee. (2) That the judgment in question, which it is proposed to impeach, has not been proved, or offered to be proved as a debt against the bankrupt in these proceedings, and that the evidence to impeach it is inadmissible on this reference. (3) That the jurisdiction to grant the order specified in section twenty-six of the bankrupt act is vested solely in the court, and not in the register. (4) That the only possible way to impeach the judgment is by bill in this court, and that it cannot be impeached in the summary way proposed.

The register decides that he has, by powers vested in him under the bankrupt act and the rules and practice of this court, the power to grant said order for the ex-

amination of said witness, and that his powers under the order of reference are not limited to the proof of debts and the appointment of assignees. (2) That the judgment in question, though not proved as a debt, is a lien upon the bankrupt's real estate, and that creditors have the right to examine into it before the register, with a view to proceedings.before this court in relation to it, by bill or otherwise, as they may be advised. (3) That though the judgment may not be vacated or impeached, without bill or other proper proceedings, there are various rights of parties as to the lien that may be protected under testimony before the register. The objections are, therefore, overruled.

The witness declined to answer the questions and to be further examined under the order in the matter, and insists that the question as to his liability to an examination under said order, and to answer said questions, be submitted to the court.

At Saratoga Springs, in said district, on the fourteenth day of October, eighteen hundred and sixty-nine, before William A. Sackett, Register:

I, William A. Sackett, one of the registers of said court in bankruptcy, certify that in the course of proceedings in said matter, before me, the following questions arose, pertinent to the said proceedings, and were stated and agreed to by the counsel of the opposing parties—Mr. Bullard for certain creditors, and Mr. Pond for the witness and certain other creditors:

First Question.—"What was the consideration of the judgment above referred to, in favor of the First National Bank in Ballston Spa, against the Pioneer Paper Company?" The counsel for the witness duly objected to the question, on the grounds stated in the proceedings annexed hereto. The register overruled the objections, and allowed the question as proposed, on the grounds stated in the annexed proceedings.

The questions submitted are: (1) Has the register the power to grant the order for the examination of the bankrupt and witnesses under the twenty-sixth section of the bankrupt act? (2) Shall the witness answer the question just above-stated? Is the question proper? (3) Is the evidence to sustain the offer, made by the counsel (as stated in the annexed proceedings) for the creditors, to impeach the judgment in favor of the bank, admissible in these proceedings? (4) Can this examination take the scope contended for by the counsel for the creditors? (The fourth point is insisted on. I do not think it a question that has arisen.)

The questions arose in the proceedings annexed. The parties requested that the questions should be certified to the court for its opinion thereon.

HALL, District Judge. The decision of the register is approved and confirmed.

PIONEER TOW LINE (BOWAS v.). See Case No. 1,713.