## Case No. 5,256.

### GARRISON v. MARKLEY.

[7 N. B. R. 246.]¹

Circuit Court, E. D. Michigan.   May 6, 1872.

EQUITY JURISDICTION—DISCOVERY—REMEDY AT LAW.

1. Where the complainant knows what the goods, transferred in fraud of the bankrupt act [14 Stat. 517], consisted of, he cannot claim equity jurisdiction, on the ground of discovery, because he is ignorant of their precise amounts, for he can compel the examination of the preferred creditor and obtain a full disclosure.

2. Where the remedy at law is plain, adequate, and complete, without any reasonable doubt, equity will decline the jurisdiction, provided the objection is taken by demurrer, or is claimed in the answer.

[Distinguished in Sill v. Solberg, 6 Fed. 471.]

3. Bill dismissed, without cost to either party.

Demurrer to bill. The bill in this cause is filed by the complainant [Charles M. Garrison] as assignee in bankruptcy, and its object is to recover the value of a certain stock of goods alleged to have been transferred by the bankrupts to the defendant [John J. Markley], a creditor, within four months, etc., with a view to give him a preference, the bankrupts then being insolvent, and, the defendant having reasonable cause to believe, etc., in fraud of the bankrupt act. It is also alleged that complainant is ignorant of the particular description of the goods so transferred, and a discovery in that regard is prayed. A demurrer has been interposed, alleging as grounds of demurrer numerous informalities in the bill, and in its execution, signing and verification, and especially to the discovery prayed, and to the equity of the bill.

Mr. Dickinson and Mr. Pond, for complainant.

Mr. Griffin, for defendant.

¹ [Reprinted by permission.]

LONGYEAR, District Judge. Passing over the formal objections to the bill, I will proceed at once to the consideration of the last two grounds of demurrer, viz.: to the discovery and to the equity of the bill.

First, as to discovery. On the argument the ground upon which the claim of equity jurisdiction is based was, that, not knowing the particular description of the goods, the plaintiff could not declare in a suit at law, and it was therefore necessary for him to come into equity for a discovery of the same; and that equity having jurisdiction for that purpose, it will retain it for relief. This claim cannot be maintained, for several reasons; the complainant knew that the goods so transferred was "a stock of merchandise, consisting of groceries, drygoods, fancy goods, hardware, boots and shoes, ready-made clothing, and other articles of merchandise" as appears in these express words on the face of the bill; these constitute data amply sufficient to enable a competent pleader to frame a declaration at law, with all the particularity necessary in such a case. It would, no doubt, be convenient to know the exact items and quantities and numbers of each kind, but this is not necessary; because the pleader may, as is done almost every day, cover the whole range of items of each kind, and may state the numbers, quantities and values broad enough to cover any possible proofs that may be made. (2) Complainant has at hand, in the bankruptcy court of which he is an officer, a ready means of obtaining all the information he could possibly obtain by an answer to a bill in equity. Under section twenty-six of the bankrupt act he can compel the examination of the preferred creditor, as well as the bankrupts themselves, and obtain a full disclosure. (3) Since the law has been changed so as to allow parties to be called and examined as witnesses in trials at law, discovery bills in aid of trials at law, or to enforce purely legal rights, have become entirely unnecessary—have, in fact, fallen into disuse, and may be considered practically obsolete. See 1 Story, Eq. Jur. § 74. (4) Even if it were otherwise, it could not be maintained, because it is not alleged that the facts cannot be proven by any other witness; and, furthermore, such allegation could not, from the nature of the case, be truthfully made; because the bankrupts of course know all that the defendant can know in regard to the matters alleged, and they are competent witnesses. [Brown v. Swann] 10 Pet. [35 U. S.] 497, 501; Har. [Mich.] 203; 1 Story, Eq. Jur. §§ 71, 74c, 74d.

Second, as to the equity of the bill. Jurisdiction is claimed on the ground in addition to the ground of discovery, that the question of fraud is involved, of which equity always takes cognizance, concurrent with the courts of law—that the jurisdiction being concurrent, equity having obtained jurisdiction first, will retain it. These posi-

tions are no doubt correct as a general rule. There are, however, well defined exceptions recognized, by which the rule is confined to somewhat narrower limits than as above stated.

Judge Story (Story, Eq. Jur. §§ 76, 74e), in view of the exceptions alluded to, states the rule as follows: "It may, therefore, be said that the concurrent jurisdiction of equity extends to all cases of legal rights, where, under the circumstances, there is not a plain, adequate, and complete remedy at law." He is here speaking particularly of concurrent jurisdiction in cases involving fraud. It is not alone because there is a remedy at law, that equity will decline the jurisdiction, but it is because the remedy at law is plain, adequate, and complete. If, however, the fraudulent transaction in question, was attended by, or has given rise to, circumstances on account of which a judgment at law will fall short of doing full and complete justice between the parties, or on account of which there is difficulty in reaching the full merits of the case under the rules of law, or where there is even a reasonable doubt as to the remedy at law being plain, adequate, and complete, equity will always take and retain jurisdiction; but in all other cases equity will decline to take cognizance of the case and leave the parties to their action at law, provided the objection is taken by demurrer or is claimed in the answer. Not because equity has not jurisdiction, but because it is more proper that such cases should be tried at law, it being optional with the equity court, in all such cases, to retain the jurisdiction or decline it, as circumstances seem to indicate. 1 Story, Eq. Jur. §§ 73, 74e.

The supreme court of Michigan state the rule thus: "The true rule upon this subject would seem to be, that where the subject of the suit is embraced under any of the appropriate heads of equitable jurisdiction, the court will take cognizance of it, notwithstanding there may be a remedy at law, or other circumstances exist which would induce the court to refuse to entertain jurisdiction in the particular case, unless the defendant raises the objection by demurrer, or claims the benefit of it in his answers." Williams v. Mayor, etc., 2 Mich. 560, 585. In the case of Stockton v. Williams, 1 Doug. (Mich.) 545, 565, cited by counsel for complainant, there was a former suit at law pending, but it was not taken advantage of by plea or otherwise, and the question was first raised at the hearing. While the court doubtingly expressed the opinion that the objection might have been good if made in time, yet defendant, having submitted to the jurisdiction, it was now too late to make the objection.

In the present case, there is not a shadow of doubt that the remedy at law is plain, adequate, and complete. A judgment at law cannot fail, on account of anything inherent in the case itself, to reach its full merits, and there is not a circumstance in the case seeming to require equitable interference for any purpose whatever. Defendant has taken the objection by demurrer, thereby in effect demanding the right to have the case tried in a court of law and by a jury. There are no circumstances in the case indicating, or in any manner requiring, that he should be deprived of that right. Therefore, under the rules above laid down, the court decline the jurisdiction. The bill must be dismissed, but without costs to either party.