### In re HOWARD.

(District Court, N. D. California.  June 30, 1899.)

### No. 2,843.

BANKRUPTCY—EXAMINATIONS—ORDER FOR APPEARANCE OF WITNESS.

An order made by a referee in bankruptcy, at the instance of the trustee, requiring a designated person to appear and be examined as a witness concerning the acts, conduct, and property of the bankrupt, is valid without a formal application showing what questions are to be asked upon the examination, or as to what particular facts the witness is to be interrogated.  The simple application or demand of the trustee for such an order is all that is required to support it.

In Bankruptcy.  On review of rulings of referee in bankruptcy.

Joseph R. Patton, for trustee in bankruptcy.

John Reynolds, for witness.

DE HAVEN, District Judge.  It appears from the facts certified by W. A. Coulter, the referee having jurisdiction of the case, that,

on application of the trustee of the estate of the bankrupt, he made an order requiring one James N. Hyde to appear before him, at a time and place stated, "then and there to be examined concerning the acts, conduct, and property of said E. B. Howard, bankrupt." Thereafter the said Hyde appeared before the referee, in obedience to a subpœna requiring him to so appear and "be examined in relation to said bankruptcy," when the following proceedings occurred:

"Judge Reynolds: In behalf of the witness, I object to any examination of this witness, as there appears to have been no showing made to the referee before making the order for his examination; * * * and the referee has no authority to take any examination without some showing as to the materiality of the testimony and what the plaintiff proposes to ask. In this case, as I understand, there is no showing at all. Am I right, Mr. Referee? Referee: My decision will be given when you get through. Judge Reynolds: Well, I have a right to know, if your honor pleases, whether there is a showing before you, and the witness has the right to know. * * * Referee: I decline to recognize you as the attorney for the witness. Judge Reynolds: I speak for the witness. Referee: The records of this court are open for examination, but I decline to recognize you as the attorney for the witness."

The referee overruled the objections interposed in behalf of the said Hyde, and required him to be sworn as a witness, and in so doing gave the following reason for his decision:

"The examination of this witness is made upon the authority of section 21 of the bankruptcy act of July 1, 1898. It has been decided by the federal courts in many cases, under a similar provision of the act of 1867, that all parties who are competent witnesses are liable to undergo such an examination, 'though they may be parties to proceedings which the trustee in bankruptcy has instituted or intends to institute for the purpose of setting aside liens procured by them, or preferential transfers made to them.' So it is held in Re Feinberg, 2 N. B. R. 425, Fed. Cas. No. 4,716. It has been further held that 'such parties will be obliged to answer any and all questions relating to the acts, conduct, or property of the bankrupt, and their dealings with him, even though their answers will give to the trustee evidence which he may use in a subsequent civil action against the examined party.' It has been so decided by the federal courts in the cases of In re Fay, 3 N. B. R. 660, Fed. Cas. No. 4,708; In re Pioneer Paper Co., 7 N. B. R. 250, Fed. Cas. No. 11,178; Garrison v. Markley, 7 N. B. R. 246, Fed. Cas. No. 5,256; and in many other cases, which it is unnecessary for the court to cite. In the cases of In re Comstock, 13 N. B. R. 193, Fed. Cas. No. 3,080, and In re Fredenberg, 1 N. B. R. 268, Fed. Cas. No. 5,075, the court decided that the person undergoing this examination is a mere witness, and is not entitled to counsel. He is not a party to the proceedings, and has no rights at stake."

The ruling made by the referee is correct, and fully sustained by the cases to which he refers. The order requiring Hyde to appear as a witness, and be examined concerning the acts, conduct, and property of the bankrupt, was valid, although there was no formal application therefor, showing what questions were proposed to be asked upon such examination, or the particular facts in relation to which he was to be examined. The statute does not contemplate that any such showing shall be made as the basis for an order of this character. The simple application or demand for such an order by any of the persons named in section 21 of the bankruptcy law is all that is required to support it. Of course, when the person whose attendance is required appears before the referee, his examination must be relevant to matters concerning the acts, conduct, or property of the bankrupt, and it must be presumed that the referee will

confine the examination within legal limits; that is, within limits pertinent to such general inquiry, and the witness will be justified in refusing to answer irrelevant or impertinent questions, but he is not entitled, as a matter of strict legal right, to be represented by counsel upon the examination. In re Stuyvesant Bank, 6 Ben. 33, Fed. Cas. No. 13,582. In refusing to be sworn as a witness, Hyde committed a technical contempt of court, but I do not deem it necessary to issue any citation at this time, requiring him to show cause why he should not be punished therefor, as I am satisfied, from the statement made by his counsel upon the argument of the questions herein discussed, that he will yield ready obedience to the subpœna heretofore issued by the referee, upon receiving notice of this decision. These views also dispose of the question certified by the referee in relation to the refusal of F. W. Crandall to be sworn as a witness in the same proceeding. This opinion will be certified to the referee, with directions to give notice to James N. Hyde and F. W. Crandall of the time and place when their attendance as witnesses will be required before the referee under the subpœna heretofore issued.