## In re ABBEY PRESS.

(Circuit Court of Appeals, Second Circuit. December 20, 1904.)

No. 25.

1. BANKRUPTCY — SECURED CLAIMANTS — EXAMINATION—ORDER—CLERK—POW-
ERS.

Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], provides that a court of bankruptcy may by order require any designated person to appear in court or before a referee to be examined. General bankruptcy order No. 3 (89 Fed. iv, 32 C. C. A. vii) declares that all process, summons, and subpœnas shall issue out of the court, under seal thereof, and be tested by the clerk, and that blanks, with the signature of the clerk and seal of the court, may be furnished to the referees. *Held*, that an order for the examination of a secured creditor in bankruptcy proceedings was not void because it was executed by the clerk, and not by order of the court.

2. SAME—SUBPŒNA—SEAL—WAIVER.

Where a witness appeared for examination before a referee in bankruptcy without objection on the ground that the subpœna was not sealed, the defect was waived.

3. SAME.

Where a witness was actually present before the referee in bankruptcy for examination when an order that he be sworn was made, the fact that the subpœna issued and served upon him was not sealed was immaterial.

4. SAME—REFEREES—POWERS.

Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], authorizes a court of bankruptcy to require any designated person to appear before a referee for examination, etc., and section 1a, cl. 7, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], defines "court" to mean a court of bankruptcy in which the proceedings are pending, and may include the referee. Section 38, cls. 2, 4, 30 Stat. 555 [U. S. Comp. St. 1901, pp. 3435, 3436] authorize referees in bankruptcy to exercise the powers vested in courts of bankruptcy for the examination of persons as witnesses, etc., and to perform such duties, except as to questions arising out of applications of bankrupts for compositions or discharges, as are conferred on courts of bankruptcy, and as shall be prescribed by the rules and orders thereof; and general bankruptcy order No. 12, subd. 1 (89 Fed. vii, 32 C. C. A. xvi), provides that all the proceedings, except such as are required by the act or by the general orders to be before the judge, shall be had before the referee. *Held*, that where a bankruptcy proceeding had been referred generally to the referee, as authorized by Bankr. Act July 1, 1898, c. 541, § 22, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], the referee had jurisdiction to order a secured creditor to appear before him for examination.

5. SAME—REFEREES—QUALIFICATION TO ACT—STATUTES—CONSTRUCTION.

Bankr. Act July 1, 1898, c. 541, § 39b, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3436], providing that referees shall not act in cases in which they are directly or indirectly interested, does not apply to the interest of a referee by way of commissions on sums paid to creditors as dividends.

6. STATUTES—CONSTITUTIONALITY—CIRCUIT COURT OF APPEALS—JURISDICTION.

The Circuit Court of Appeals has no jurisdiction to determine a question of the construction or application of the federal Constitution with reference to the validity of Bankr. Act July 1, 1898, c. 541, § 38, cls. 2, 4, 30 Stat. 555 [U. S. Comp. St. 1901, pp. 3435. 3436], prescribing the jurisdiction of referees in bankruptcy.

¶ 6. Jurisdiction of the Circuit Court of Appeals, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.

**7. SAME—ORDERS OF REFEREE—RECITALS.**
General bankruptcy order No. 23 (89 Fed. xi, 32 C. C. A. xxvi), providing that in orders made by a referee it shall be recited according to the fact that notice was given, and the manner thereof, or that the order was made by consent, or that no adverse interest was represented at the hearing, or that the order was made after hearing adverse interests, has no application to a mere ruling that a secured creditor be sworn before the referee, etc., or that he shall not answer certain questions.

**8. SAME.**
Under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], providing that a court of bankruptcy may, by order, require any designated person to appear in court or before a referee to be examined, and general bankruptcy order No. 3 (89 Fed. iv, 32 C. C. A. vii), providing that all process, subpoenas, etc., shall issue out of the court, and be tested by the clerk, and that blanks, with the signature of the clerk and seal of the court, etc., may be furnished to referees, an order for the examination of a witness made by a referee to whom a bankruptcy proceeding had been referred generally was not an order of the referee, but of the court.

**9. SAME—ORAL APPLICATION—DISCRETION.**
Under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], authorizing the court of bankruptcy to require any designated person to appear in court or before a referee to be examined, it is within the discretion of a referee, acting as a court of bankruptcy, to order the examination of a third person on an oral application.

**10. SAME—RIGHT TO COUNSEL.**
On the examination of a secured creditor before a referee in bankruptcy as authorized by Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], it is within the judicial discretion of the referee to refuse to permit such creditor to be represented by counsel.

**11. SAME—REVIEW.**
Where a secured creditor of a bankrupt was examined as a witness before a referee in bankruptcy, as authorized by Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], he was entitled to have the proceedings before the referee reviewed by a judge of the court, as authorized by general bankruptcy order No. 27 (89 Fed. x, 32 C. C. A. xxvii).

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

Roger Foster, for petitioner.
J. N. Barr, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The petitioner is the holder of a chattel mortgage given by the bankrupt. He had been examined by a receiver before a commissioner, and afterwards, at the request of the attorney for the trustee, was subpoenaed to appear before the referee to testify and produce documents. He appeared with counsel and produced the documents, but declined to be sworn.

By his counsel, he made a preliminary objection to the examination on the ground that the subpoena was insufficient, as no order had been obtained by the trustee for the examination under section 21a of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]; that he had been previously ex--

amined before the commissioner; that the referee had no jurisdiction to make any order under section 21a of the bankruptcy act; and that, if he had such jurisdiction, the order must be made in writing, and only upon an application in writing, with opportunity to traverse the application and offer evidence in opposition to its allegations; and he asked permission to offer evidence against such application and the making of the order. No previous application in writing or written order having been made, the attorney for the trustee orally asked for an order. The referee thereupon overruled all of said objections, and directed the petitioner to be sworn, and to submit to an examination forthwith, which petitioner declined to do. The attorney for the trustee objected to petitioner's being represented by counsel, on the ground that he was merely a witness, which objection was sustained.

All of said rulings were excepted to by counsel for the petitioner. He contends that as the statute (section 21a) provides that "a court of bankruptcy may * * * by order require any designated person to appear in court or before a referee * * * ·to be examined," etc., such order could not be issued by the clerk, and that the subpœna was invalid because it was issued by the clerk, and not by order of the court, and under its seal.

General orders in bankruptcy No. 3 (89 Fed. iv, 32 C. C. A. vii), provides:

"All process, summons and subpœnas shall issue out of the court, under the seal thereof, and be tested by the clerk; and blanks, with the signature of the clerk and seal of the court, may, upon application, be furnished to the referees."

This order would seem to provide for the procedure which was apparently followed in the present case, namely, the delivery by the referee of such a subpœna. This course would seem to be justified by the act and rule.

The subpœna did not bear the seal of the court. The petitioner, however, attended before the referee, and does not seem to have made the objection there. This defect was therefore waived by the appearance of the witness without objection on that ground, and, as he was actually before the referee when the order to be sworn was made, the absence of the seal is immaterial.

Counsel for petitioner further contends as follows: (1) That the referee had no power to order the examination, because the statute grants such power to the court alone, and that it appears that the word "court" does not there include the referee, because of the reference in the context to the place of examination as "in court or before a referee." (2) That section 38 of the law (30 Stat. 555 [U. S. Comp. St. 1901, p. 3435]) confines the powers of referees on this subject to "the administering of oaths to and the examination of persons as witnesses" upon issues of fact, whose appearance is lawfully compelled, "and for requiring the production of documents in proceedings before them," and that therefore this proceeding was not properly before the referee. (3) That the jurisdiction conferred by section 38 does not apply to the case at bar, because the proceedings herein were not pending before the referee at the time the order was made.

Section 21a of the bankruptcy act (30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]) provides as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt * * *, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act. * * *"

Section 1a, cl. 7, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419] provides that:

" 'Court' shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee."

Section 38, cls. 2, 4, 30 Stat. 555 [U. S. Comp. St. 1901, pp. 3435, 3436], respectively vests the referees with jurisdiction to:

"Exercise the powers vested in courts of bankruptcy for the administering of oaths to and the examination of persons as witnesses and for requiring the production of documents in proceedings before them, except the power of commitment."

"Perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

General orders in bankruptcy No. 12, subd. 1 (89 Fed. vii, 32 C. C. A. xvi), provides that, after the order referring a case to the referee, "all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee."

The proceedings required by the act to be had before the judge are applications for discharge, for approval of compositions, for punishment for contempt, contested involuntary petitions in bankruptcy, and all petitions for adjudication when the judge is in the district. The proceedings other than these required by the general orders to be had before the judge are applications for injunctions to stay proceedings of a court or officer of the United States or of a state, and for the removal of a trustee.

No question is made but that this case had been referred generally to the referee, as provided in section 22 of the act (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]). The referee, therefore, constituted a court, with all the powers of the court, for the purposes of this examination.

The contention that the proceeding was not pending at the time when the order was made is not well founded. Section 38a of the act invests the referees with jurisdiction to "consider all petitions referred to them * * * and make the adjudications," etc. And thereafter, under general order No. 12, supra, all the proceedings, except those enumerated above, are to be had before the referee.

Jurisdiction of the cause having been thus expressly conferred by statute, the subsequent proceedings are incident or necessary to the exercise by referees of their jurisdictions, within the principle discussed by counsel for petitioner.

Counsel for petitioner claims that, as the referee would have a commission of 1 per cent. upon the amount collected, a statute giving him authority to compel the examination before himself of a third person,

against whom it was sought to establish a claim on behalf of the estate, would be void, as unconstitutional, or at least so inconsistent with the fundamental law that no doubtful language should be construed to include such authority. It seems clear that the act and general orders, taken together, do give this authority. The only pertinent statutory limitation upon the powers of referees in this connection is that they "shall not act in cases in which they are directly or indirectly interested." Section 39b, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3436]. This provision cannot apply to the compensation by way of commissions or sums paid as dividends, etc., because, if so applied, the effect would be to disqualify the referee from acting in any case. The referee's commission is upon the amount paid creditors, not necessarily upon the amount collected, which might be largely disbursed in making the collection. Referees, in the performance of their duties, must be constantly deciding matters which will affect the amount paid to creditors. The amount of allowance of attorneys and appraisers, the decision of applications by third parties for property in the custody of the trustee, but claimed to belong to them, must always affect their commissions. If the statute were held unconstitutional on this ground, such ruling would terminate substantially all of the present procedure thereunder. So far, however, as this contention raises a question of the construction or application of the Constitution of the United States, such question of constitutionality is one over which we have no jurisdiction, and which is not before us for review. United States v. Lee Yen Tai, 113 Fed. 465, 51 C. C. A. 299; United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Carter v. Roberts, 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861.

Counsel for petitioner further contends that the order for the examination of the witness, and that he be sworn, must be upon a written application showing cause therefor; and he apparently claims that the witness must be first served with a notice of the application, and be allowed to file an answer thereto, and be heard with evidence as to the propriety of issuing the order. If this contention be well founded, we see no reason why a witness may not decline to testify on the new issue thus raised, and so on ad infinitum, and render an efficient administration of the law impossible. Such a practice would greatly impede the ascertainment of the facts.

General order No. 23 (89 Fed. xi, 32 C. C. A. xxvi) is as follows:

"In all orders made by a referee, it shall be recited, according as the fact may be, that notice was given and the manner thereof; or that the order was made by consent; or that no adverse interest was represented at the hearing; or that the order was made after hearing adverse interests."

We do not think this order should be held to apply to a mere direction or ruling that a witness be sworn, or that he shall not answer certain questions. Nor can it be held to apply to such an order for the examination of the witness, in view of the provisions of the act and orders quoted above. The order for the examination of the witness is not an order of the referee, but of the court, under section 21a (30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]). The issuance of such order by the referee is contemplated by general order No. 3 (89 Fed.

iv, 32 C. C. A. vii), providing for the furnishing of blank process, summons, and subpœnas to the referees.

Under the corresponding sections of the act of 1867, it was held that the register had jurisdiction to make such orders for the examination of witnesses (In re Pioneer Paper Co., 7 N. B. R. 250, Fed. Cas. No. 11,178), and that it was discretionary with the register to require a written application or to grant such order on a verbal one; and such appears to us to be the proper construction of the present law, and to have been the general practice under it (In re Pioneer Paper Co., supra; In re Solis, 4 N. B. R. 68, Fed. Cas. No. 13,165; In re Vetterlein, 4 N. B. R. 599, Fed. Cas. No. 16,926; In re E. B. Howard, 2 Am. Bankr. Rep. 582, and note, and cases cited, 95 Fed. 415; In re Fixen & Co., 2 Am. Bankr. Rep. 822, 96 Fed. 748; In re Albert Cobb, 7 Am. Bankr. Rep. 104, affirmed by Judge Lowell).

In In re Solis, supra, Judge Blatchford, reviewing his previous decisions, in which in one case he confirmed the refusal of the register to grant such an order on petition or affidavit, and in another case had confirmed a decision of the register ordering such examination, said as follows:

"The register denied the motion, and I confirmed his decision, and concurred in his view that it was discretionary whether to grant an order, and what cause should be shown for it. In the present case the register, in the exercise of his discretion, thought proper to grant the order without requiring a petition or affidavit, duly verified, showing good cause for granting the same. Nothing appears to show that that discretion was improperly exercised, and the order must stand."

Any order for examination of any witness other than the bankrupt, whether on a first or second examination, should be for a special cause shown; but the authorities cited show that it has been uniformly held that it is within the discretion of the referee to decide in each particular case what cause is sufficient, and upon what information he will make the order. It must be held, therefore, that the grant or refusal of the order is a matter intrusted by law to the discretion of the court; the referee being in the present instance the court.

Finally it is contended that the petitioner was entitled to be represented by counsel. No authority is cited in support of this proposition. Such a course would be contrary to the rulings in other courts, and, as we understand it, contrary to the practice and decisions in the bankruptcy courts. In any event, no such representation should be allowed except in the discretion of the court; that is, of the referee. The action of the referee may, as in the present case, be reviewed by the judge. The referee has before him the whole circumstances of the case, and is in a better position than any one else to determine what measures should be taken for the protection both of creditors and witnesses.

The objections taken herein are highly technical. The enforcement in the bankruptcy courts of the practice contended for would greatly embarrass the ordinary course of procedure, and would unnecessarily delay proceedings for the administration of the bankrupt's property, and for the distribution of his assets among his creditors. If any injustice is done the witness by any order of the referee, he has the right to review the same, and to be heard thereon before a judge of the

court under general order No. 27 (89 Fed. x, 32 C. C. A. xxvii). It is believed that by such course all rights intended to be secured by the statute may be protected without resort to technicalities at the hearings in the referee's court.

The decree is affirmed, with costs.