In re STROBEL.

(District Court, E. D. New York.   July 16, 1907.)

BANKRUPTCY—REFEREES—QUALIFICATIONS—INTEREST.

 Bankr. Act July 1, 1898, c. 541, § 39b, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3436], providing that referees in bankruptcy shall not act in cases in which they are directly or indirectly interested, does not disqualify a referee, where the only interest he has in the matter submitted to him is the compensation he may receive by way of fees.

Albert C. Aubery, for bankrupt.
Benjamin F. Edsall, for trustee.
Frank Trenholm, for Bachrach.

CHATFIELD, District Judge.   An involuntary petition in bankruptcy was filed August 17, 1905, and a receiver appointed, who turned over to one Bachrach, a creditor, certain property which, in the receiver's opinion, belonged to said Bachrach.   Subsequently, a trustee was elected, who objected to the delivery of these goods by the receiver.   Upon a motion by the creditor to have the action of the receiver confirmed, and that he be permitted to retain the property, a bond was given, in the sum of $3,500, to take the place of the property, pending a reference to the referee in bankruptcy.   Upon the 11th day of June, 1906, the referee, as special commissioner, reported that the act of the receiver, in so far as it related to the delivery of these goods to the creditor, should not be confirmed.   An order was entered confirming the report of the referee, upon August 2, 1906.   On the 19th of November, 1906, a further reference to the referee in bankruptcy, as special commissioner, was ordered, to ascertain and inquire as to the value of the property wrongfully obtained by this creditor, in the place of which the bond had been given.   The special commissioner, upon the 3d day of May, 1907, filed a report, in which he fixed the value of this property at $3,015.76.   Upon a motion to confirm this report, the creditor makes objection and asks that the preceding orders of the referee and all action thereunder be set aside, and that the entire matter be sent to a new special commissioner, on the ground that the referee in bankruptcy, who had acted as special commissioner upon the two preceding references above referred to, was interested in the questions referred to him, in so far as he, as referee, might receive additional fees from any property turned over to the trustee, and on the further ground that the trustee was also the clerk of this same referee.   The creditor, in addition to these fundamental objections, objects to the confirmation of the referee's report upon the merits, in that the special commissioner disregarded certain testimony offered by him as to the price which he actually received for the sale of certain of the articles included in the property mentioned.

Taking up the last objection first, it appears from the record that the property, among other things, consisted of watch cases, certain refuse containing gold filings, and various materials and articles of gold. The referee has found that the testimony offered by the creditor as to the sale made by him through the United States assay office, of the

actual quantity of gold contained in certain material submitted, is indefinite; that it is not proven that the gold assayed covered all of the articles taken; and that, much of the material being manufactured into the form of watch cases, etc., its value was not represented merely by the amount of gold included therein. Certain questions as to the market value of 8, 12, and 16 carat gold are also involved; but upon all of these questions of fact the report of the referee is apparently correct, and there seems to be no reason for disturbing his determination thereon.

As to the objection to the appointment of the referee in bankruptcy as special commissioner, the United States Circuit Court of Appeals in this Circuit (In re Abbey Press, 134 Fed. 51, 67 C. C. A. 161) holds that the bankruptcy act and general orders, taken together, give the referee authority to pass upon questions involving a claim for property which it is sought to bring into the bankrupt's estate. In that case the court was passing upon the powers of the referee, rather than upon a referee acting as special commissioner. But the situation is exactly parallel, and the reasoning in that case seems to apply directly. The court said:

"The only pertinent statutory limitation upon the powers of referees in this connection is that they 'shall not act in cases in which they are directly or indirectly interested.' Act July 1, 1898, c. 541, § 39b, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3436]. This provision cannot apply to the compensation by way of commissions or sums paid as dividends, etc., because, if so applied, the effect would be to disqualify the referee from acting in any case. The referee's commission is upon the amount paid creditors, not necessarily upon the amount collected, which might be largely disbursed in making the collection. Referees, in the performance of their duties, must be constantly deciding matters which will affect the amount paid to creditors. The amount of allowance of attorneys and appraisers, the decision of applications by third parties for property in the custody of the trustee, but claimed to belong to them, must always affect their commissions. If the statute were held unconstitutional on this ground, such ruling would terminate substantially all of the present procedure thereunder."

In so far as the creditor may be seeming to urge any conceivable constitutional objection, his objection would apply as well to the provisions of the bankruptcy law itself, in defining the powers and duties of a referee in bankruptcy, and it does not seem to this court that there is any sufficient ground urged for questioning the constitutionality of either the bankruptcy law or the employment of a referee in bankruptcy as a special commissioner, with relation to an issue in the proceeding in which he is acting as referee.

It is explained by the affidavits upon this motion that the trustee is not the clerk of the referee, and never has been in his employ, and that objection therefore does not seem to be based upon fact.

The objections to the report of the referee will be overruled, and the report confirmed, but without costs.