In re EAGLE STEAM LAUNDRY CO. OF QUEENS COUNTY.

(District Court, E. D. New York. February 4, 1910.)

BANKRUPTCY (§ 184\*)—SECURED CREDITORS—VALIDITY OF MORTGAGE.

    Chapter 688 of the Laws of New York of 1892, as amended by chapter 354 of the Laws of 1901 (now section 6, c. 59, Consol. Laws [Laws 1909, c. 61]), provides that a stock corporation may borrow money and mortgage its property on the consent of not less than two-thirds of the capital stock in writing, and that a certificate of consent shall be filed and recorded in the office of the clerk or register of the county wherein the corporation has its principal place of business. The owner of a laundry business transferred his business to a corporation organized by him, subject to a chattel mortgage held by his wife. Thereafter the mortgage was renewed, but no consent of two-thirds of the stockholders was obtained, and the new mortgage was given within four months prior to bankruptcy. *Held*, that the mortgagee must be left as a general creditor of the estate.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.\*]

Proceeding in the matter of the Eagle Steam Laundry Company of Queens County, a bankrupt. A mortgagee determined to have no rights save as a general creditor.

Wyckoff, Clarke & Frost, for claimant.

Robert McC. Robinson, for trustee.

CHATFIELD, District Judge. One Thomas Meany organized a laundry corporation, now in bankruptcy, and transferred his own business to that corporation, subject to a chattel mortgage of $1,500 held by his wife. The original validity of this chattel mortgage is not disputed. At the time of the transfer Mrs. Meany took $1,000 in stock for an additional claim held by her, and apparently agreed to renew her mortgage when the time of expiration came around. The or-

ganization of the corporation and these transfers took place in October, 1907, and in January, 1908, a new mortgage was drawn up to take the place of the then expiring $1,500 mortgage. This new mortgage was properly executed and recorded; but no consent of two-thirds of the stockholders was obtained, as required by the statutes of New York, being chapter 688, p. 1824, of the Laws of 1892, as amended by chapter 354, p. 961, of the Laws of 1901 (now section 6, c. 59, Consol. Laws [Laws 1909, c. 61]), by which a stock corporation is given power to borrow money and mortgage its property, upon the consent of not less than two-thirds of the capital stock in writing, or by vote at a special meeting called for that purpose, upon a similar notice to that required for the annual meeting, unless the mortgage in question be a purchase-money mortgage.

The petition in bankruptcy was filed upon the 23d day of May, 1908, which was within four months after the execution of the last chattel mortgage; but the satisfaction of one chattel mortgage and an extension of time to collect would seem to be sufficient consideration to make a mortgage valid, if all requirements are observed. It would also seem that a trustee in bankruptcy can, for the benefit of creditors, under the New York state statutes, contest the validity of a chattel mortgage.

The 12 months within which Mrs. Meany can file a claim as a general creditor, if her security is not held valid, has elapsed; but her claim has been presented in such a way that it would need but an amendment to protect her in that regard. In re Strobel (D. C.) 155 Fed. 692. If the corporation attempted to question the giving of the mortgage, it might be estopped, under the doctrine of Hamilton Trust Co. v. Clemes, 17 App. Div. 152, 45 N. Y. Supp. 141, affirmed 163 N. Y. 423, 57 N. E. 611, unless it returned the property; but creditors are not subject to such equitable estoppel. It is also impossible to find, as a determination of fact, that Mrs. Meany, some three or four months before the expiration of her mortgage, intended to be a party to the sale of the chattels to the new corporation, and then and there agreed to take later a corporate mortgage as a purchase-money mortgage to herself. On the contrary, it is plain that she allowed the chattels to be transferred subject to her title, with the idea that she could be secured in the future.

If all the creditors were stockholders who had knowledge of the making of the chattel mortgage in question, but who had not signified their consent, the doctrine of estoppel might apply as to them; but in the absence of a certificate or consent in writing, to accompany the mortgage when filed, making it presumptively valid, it would not seem that creditors can have lost their rights by the filing of a mortgage, which ultimately proves not to have been properly executed, and where no ground of estoppel can be shown.

Mrs. Meany must be left as a general creditor of the estate for the amount of her debt, and an amended claim therefor may be filed.