**HEISER et al. v. WOODRUFF et al.**

No. 2024.

Circuit Court of Appeals, Tenth Circuit.

May 29, 1940.

Leonard J. Meyberg and Rupert B. Turnbull, both of Los Angeles, Cal., and T. G. Gibson, of Ardmore, Okl., for appellants.

Louis A. Fischl, of Ardmore, Okl. (J. B. Champion and Thos. W. Champion, both of Ardmore, Okl., on the brief), for appellee Leonard J. Woodruff.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On July 5, 1939, L. J. Woodruff filed his petition for voluntary bankruptcy in the United States District Court for the Eastern District of Oklahoma. On the same day he was adjudged a bankrupt and an order of reference was made, referring the matter to George F. Clark, one of the referees in bankruptcy of the court, to take such further proceedings as were required under the law. July 13, 1939, an involuntary petition in bankruptcy was filed by M. E. Heiser against Leonard J. Woodruff in the United States District Court for the Southern District of California. July 20, 1939, the first meeting of creditors was held at Ardmore, Oklahoma, and a trustee was appointed and qualified. July 22, 1939, M. E. Heiser filed a motion to dismiss the bankruptcy proceedings in the United States District Court for the Eastern District of Oklahoma on the ground that the bankrupt was a resident of California and the Oklahoma court was therefore without jurisdiction. This motion was referred to the referee as special master, and was heard by him as such on August 11 and 12, 1939. At the hearing M. E. Heiser filed objections to the motion being heard by the referee as special master on the ground that he was disqualified under the Bankruptcy Law, 11 U.S.C.A. § 67, sub. b(1), to act, in that he had a financial interest in the outcome of the hearing on the motion to dismiss. The report of the special master on the motion to dismiss the proceedings was filed in the bankruptcy court on September 11, 1939. Detailed findings of fact and conclusions of law were made. The special master overruled the objection raised to his right to act, on the ground that he acted merely in an advisory capacity in making a report to the judge, the decision on the matter being made by the judge and not by the special master. The conclusion of the special master was that the principal place of business of the bankrupt for the longer portion of the six months immediately preceding bankruptcy was in the Eastern District of Oklahoma and therefore the motion to dismiss should be denied. September 14, 1939, M. E. Heiser filed his objection to the approval of the master's report. George F. Fowler, another creditor, also filed a similar objection. On the 2nd day of October, 1939, after a hearing by the court upon the report of the special master upon the question of jurisdiction, the application for an order dismissing the petition of M. E. Heiser attacking the jurisdiction of the court, and the objections to the report of the special master upon the question of jurisdiction, the court found that at the time of the filing of the voluntary petition in bankruptcy, the court had jurisdiction by reason of the fact that the Eastern District of Oklahoma had been the domicile and principal place of business of bankrupt for the greater part of the six months immediately preceding the filing of the voluntary petition in bankruptcy. The court found that the petition attacking the qualifications of the special master was not well founded. Judgment was entered decreeing that at the time of the filing of the voluntary petition in bankruptcy the court had jurisdiction to entertain the petition. The petition of M. E. Heiser challenging the jurisdiction of the court was dismissed.

On August 1, 1939, an application was filed in the United States District Court for the Eastern District of Oklahoma for an order under General Order in Bankruptcy No. 6, 11 U.S.C.A. following section 53, determining whether the court in Oklahoma or in California should administer the es-

tate of the bankrupt. On October 16, 1939, the judge of the United States District Court for the Eastern District of Oklahoma entered his order to the effect that the United States District Court for the Eastern District of Oklahoma was the bankruptcy court which could administer the bankrupt's estate with the greatest convenience to the parties concerned; that it should proceed with the administration of the bankrupt's estate, and ordered a transfer of the bankruptcy case pending in the California court to the Oklahoma court for consolidation with the case there pending. From this order an appeal has been taken.

11 U.S.C.A. § 67 (b) (1) provides that a referee shall not act in any case in which he is directly or indirectly interested. Appellants' contention is that the referee is disqualified to act as special master in a hearing on the question of the court's jurisdiction, and may not take the testimony and report the proceedings to the court by making findings of fact and conclusions of law. The theory of appellants is that the referee's compensation consists of fees allowed in the proceedings and that because the amount of his fees is greater if jurisdiction is retained in the Oklahoma court than if jurisdiction lies in the California court, he has a financial interest in the subject matter and is therefore disqualified under the statute.

Appellants' appeal is based upon the reasoning that since the referee, acting as special master, was disqualified, his findings of fact and conclusions of law are a nullity and therefore void; that when the court adopted his void findings of fact and conclusions of law, its judgment was void and a nullity and conferred no jurisdiction on the court; that therefore the District Court of Oklahoma could not make its order under General Order No. 6 because it had no jurisdiction and General Order No. 6 can be invoked only when two federal courts have obtained jurisdiction of the subject matter.

■ The question presented here has been considered by different courts and in every instance it has been resolved against appellants' contention. In the case of In re C. W. Bartleson Co., D.C., 243 F. 1001, it was held that a referee in bankruptcy is not disqualified by interest to be appointed master in a bankruptcy case because of fees as referee to which he will be entitled if the party be adjudged a bankrupt.

It was said in the case of In re Fox West Coast Theatres, et al., 9 Cir., 88 F. 2d 212, that a referee's order confirming a sale was not void on the ground that the referee was interested in the decision confirming the sale by the fact that if the sale was not confirmed he would not have received any fee.

In re Abbey Press, 2 Cir., 134 F. 51, held that the statute providing that referees shall not act in cases in which they are directly or indirectly interested does not apply to the interest of a referee by way of commissions on sums paid to creditors as dividends.

In re Strobel, D.C., 155 F. 692, held that the statute providing that referees in bankruptcy shall not act in cases in which they are directly or indirectly interested does not disqualify a referee to act as special commissioner where the only interest he has in the matter submitted to him is the compensation he might receive by way of fees.

■ The provision of the statute that the referee shall not act in cases in which he is interested financially, directly or indirectly, is general in its terms. It is not self-defining and the meaning of what constitutes financial interest must therefore in each case be ascertained by judicial interpretation. To hold that this provision of the statute applies to fees and commissions received by a referee in the exercise of his office would in effect abolish the office of referee, since practically every act he performs bears directly or indirectly on his compensation. His fees are determined by the amount distributed to creditors or paid upon the confirmation of a composition. The statute defining his powers provides that he shall declare dividends. 11 U.S.C.A. § 67, sub. a. It could be argued with equal force that since his compensation depends on the amount distributed to creditors, he thus had an interest in declaring dividends and is disqualified under the statute. Such a holding would make nugatory the provisions of the statute providing for a referee in a bankruptcy proceeding.

The decision of the trial court is affirmed.